**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

UNITED STATES OF AMERICA

v.                                                              Case No. 5:97-cr-28-Oc-32PRL

ERIK QUADRELL DORSEY

_____

## **O R D E R**

Defendant Erik Quadrell Dorsey has spent more than twenty-two years in federal prison for selling drugs. He now seeks to reduce his original thirty-year sentence under the First Step Act of 2018, (Docs. 428, 436), which the Government partially opposes, (Doc. 440). On March 19, 2020 the Court held a telephone hearing, the record of which is incorporated herein.

### **I. BACKGROUND**

On September 11, 1997, Dorsey and two others were charged in a three count indictment alleging a conspiracy to possess with intent to distribute cocaine and cocaine base, known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), possession with intent to distribute crack cocaine in violation of § 841(a)(1) (Count Two), and possession with intent to distribute cocaine in violation of § 841(a)(1) (Count Three). (Doc. 2). The

indictment does not allege any specific quantities for either cocaine or crack cocaine. (Doc. 2).

In January 1998, the Government filed an information to establish Dorsey's prior 1991 state felony drug conviction for possession with intent to sell cocaine. (Doc. 110). The information stated that under 21 U.S.C. § 851(a)(1), the penalties increased to: a twenty-year minimum mandatory prison term, maximum $8 million fine, and maximum term of ten-years of supervised release for Count One; a ten-year minimum mandatory prison term, a maximum fine of $4 million, and a maximum term of supervised release of eight years for Count Two; and a statutory maximum of thirty years of imprisonment, a maximum fine of $2 million, and maximum term of supervised release of six years for Count Three. (Doc. 110). Although the information also does not allege drug quantities, based on these sentencing ranges, fines, and supervised release terms, Dorsey was being charged under § 841(b)(1)(A) for Count One, § 841(b)(1)(B) for Count Two, and § 841(b)(1)(C) for Count Three. See § 841(b)(1) (1997).

Dorsey's first trial resulted in a mistrial, (Doc. 171), after which the Government dismissed Count Three, (Doc. 180). Dorsey then proceeded to a second jury trial, and this time he was found guilty on Counts One and Two. (Docs. 203, 225). Dorsey was sentenced to 360 months' imprisonment on each of Counts One and Two with such terms to run concurrently, and to terms of

supervised release of ten years on Count One and eight years on Count Two. (Doc. 225).

The Presentence Investigation Report ("PSR") attributed Dorsey with 40.6 grams of cocaine and 68.3 grams of crack cocaine, which resulted in a base offense level of 32. (Doc. 433 at 11). Because Dorsey was a Guidelines career offender, he received a total offense level of thirty-seven and a Criminal History Category of VI. Id. at 12–15. Thus, Dorsey's Guidelines' imprisonment range was 360 months to life, with supervised release terms of ten and eight years for Counts One and Two, respectively. Id. at 19–20. Among other objections, Dorsey objected to the PSR's drug quantity finding, arguing that he should only be held accountable for nineteen grams of crack cocaine. Id. at 21. Judge Harvey E. Schlesinger sentenced Dorsey at the low end of the then mandatory Guidelines, which was 360 months of imprisonment on each of Counts One and Two, to run concurrently, and to terms of supervised release of 10 years on Count One and 8 years on Count Two. (Doc. 225).

Dorsey now seeks a sentence reduction under the First Step Act, claiming that the Court should reduce his sentence to time served. (Doc. 436). The Government argues that Dorsey is eligible for a reduction under Count One but not Count Two, and that the Court should exercise its discretion only to lower Dorsey's term of supervised release because his Guidelines range would remain the same.

3

## II. DISCUSSION

Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, made retroactive the reduction in statutory penalties for crack cocaine offenses implemented by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Sta. 2372 (2010). Per the First Step Act, a court may "impose a reduced sentence as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b) (2018). The First Step Act defines a covered offense as: "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." Id. § 404(a).

The Fair Sentencing Act increased the amount of crack cocaine needed to trigger the enhanced penalties under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams and the amount needed to trigger § 841(b)(1)(B) from 5 grams to 28 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, § 2. The U.S. Probation Office, the Government, and Dorsey all agree that Count One is a covered offense. (Doc. 440 at 6). However, the Government argues that Count Two is not a covered offense because the crack cocaine attributed to Dorsey still exceeds the amount necessary under § 840(b)(1)(B). Thus, the "statutory penalty remains unchanged," meaning Count Two is not a "covered offense." Id. at 7. Further, the Government argues that because Dorsey's

4

Guidelines range remains unchanged, the Court should decline to exercise its discretion to lower Dorsey's term of imprisonment. Dorsey argues that Count Two is a "covered offense" because the Fair Sentencing Act changed the penalties for § 841(b)(1)(B), making him eligible. And, Dorsey asserts that the Court should exercise its discretion in imposing a reduced sentence.

The Court already decided the statutory interpretation issue in <u>United States v. Pittman</u>, No. 3:07-cr-277-J-32JBT, 2020 WL 364181, at *3–4 (M.D. Fla. Jan. 22, 2020), wherein the Court held that the First Step Act afforded relief based on the statute of conviction, not the drug quantity attributed at sentencing. In <u>Pittman</u>, the Court declined to address whether the First Step Act allows a court to reduce a defendant's sentence below the minimum mandatory. <u>Id.</u> Similarly here, the Court need not determine what minimum mandatory sentence applies to Dorsey because even under the Government's theory, Dorsey has already served more than the required minimum mandatory sentence.

Further, the Government argues that even if Dorsey is eligible, his sentence should not be reduced because his Guidelines remain the same. (Doc. 440 at 17–18). Accepting, <u>arguendo</u>, the Government's view that Dorsey's Guidelines range remains 360 months to life, the Court nonetheless believes a reduction is warranted. Dorsey is now forty-eight years old, has spent more than twenty-two years in prison, and has taken advantage of prison programs

5

to better himself. (Doc. 436 at 22–23). Further, Dorsey has a viable release plan approved by Probation. The Court discussed additional favorable factors during the March 19, 2020 hearing. Thus, the Court, in its discretion, finds a reduction to time served appropriate.

Accordingly, for the reasons stated herein and on the record at the March 19, 2020 hearing, it is hereby

**ORDERED:**

1. Defendant Erik Quadrell Dorsey's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 436) is **GRANTED**.

2. Dorsey's sentence is reduced to **TIME SERVED plus three days** on each of Counts One and Two, for a release date of **March 23, 2020**, to be followed by supervised release terms of **EIGHT YEARS** as to each of Counts One and Two to run concurrently for a total term of supervised release of **EIGHT YEARS**.[1]

3. All other terms and conditions of Defendant's judgment, (Doc. 225), remain in full force and effect.

---

[1] Nothing in this Order prohibits Dorsey from seeking a reduction in his supervised release term after an appropriate interval and upon demonstrating that his conduct and the interest of justice warrant a reduction. See 18 U.S.C. § 3583(e).

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

Counsel of record
Defendant
Bureau of Prisons
United States Marshal Service